Erma CHITWOOD, Appellant,

v.

Otis R. BOWEN,* Secretary of Health and Human Services, Appellee.

No. 85–1958.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1986.

Decided April 21, 1986.

Elaine C. Bachman, Clayton, Mo., for appellant.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,** Senior District Judge.

PER CURIAM.

Erma Chitwood appeals from a final judgment entered in the District Court for the Eastern District of Missouri affirming a final decision of the Secretary of Health

---

* Otis R. Bowen has succeeded Margaret M. Heckler, originally named as appellee in this case, as Secretary of Health and Human Services, and the court accordingly, on its own motion, substitutes him as party appellee. *See* Fed.R.App.P. 43(c)(1).

** The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

and Human Services (Secretary) denying her application for social security disability benefits. For the reasons discussed below, we reverse and remand.

Appellant was born in 1930 and has a tenth grade education and past relevant work experience as a receiving clerk and assembler. In 1983 she applied for disability benefits, alleging a disability beginning in 1981 due to arthritis of the knees and spine, a broken right ankle, and chronic bronchitis.

After the claim was denied initially and on reconsideration, appellant appeared before an administrative law judge (ALJ) in 1984. At the hearing appellant testified to disabling pain in her back, hips, shoulder, and right foot.

Since March 1981 appellant has been treated by Dr. Joseph Molnar. By letter of January 11, 1984, Dr. Molnar stated that he had treated appellant for depression, hypertension and arthritis. Dr. Molnar noted that appellant's depression was "of long standing and is not helped by her physical problems, nor are her physical problems helped by her depression."

Appellant has also been treated by Dr. Lee Vander Lught. In 1982 appellant fractured her right ankle and Dr. Vander Lught performed surgery to reduce the fracture. In February 1984 Dr. Vander Lught reported that at the fracture site there was indication of "malunion and degenerative changes."

At the request of the Secretary, appellant was also examined by two consulting physicians, Dr. Phillip Conway and Dr. James Strickland. In August 1983 Dr. Conway reported that appellant had "moderately severe degenerative changes of the hips and this may be the origin of her discomfort." In addition, Dr. Conway reported that physical examination of appellant's right ankle revealed "continued inflammatory response and limitation of motion," which he believed resulted from degenerative changes following the surgery.

In March 1984 Dr. Strickland examined appellant. Dr. Strickland reported that x-rays of appellant's lumbar spine revealed "rather severe arthritis ... with disc space narrowing with marked hypertrophic changes." Dr. Strickland believed that the "severe degenerative arthritis in her lumbar spine [would] severely limit her sitting capabilities."

The ALJ denied benefits, finding that although appellant could not return to her former work, she had the capacity to perform sedentary work and that the Medical-Vocational Guidelines directed a finding of no disability. In discounting appellant's allegations of pain, the ALJ stated that "[w]hile the medical evidence does show limitations, the manner in which the claimant exaggerated her impairments, symptoms and limitations place[d] considerable doubt on her entire testimony."

The ALJ committed several errors that warrant remand. We believe the ALJ erred in discounting appellant's allegations of disabling pain. On the facts of this case, we believe the ALJ placed undue reliance on certain inconsistencies in appellant's testimony and his belief that appellant exaggerated her symptoms. *See Nunn v. Heckler*, 732 F.2d 645, 648 (8th Cir.1984) (ALJ placed undue emphasis on belief that claimant was attempting to appear "pathetic" at hearing). Although in assessing credibility an ALJ may consider inconsistencies in a claimant's testimony, in this case certain of the "ALJ's proffered reasons for disbelieving [appellant's] allegations of pain are unsupported, and, in some instances, contradicted by the record." *Id.* For example, the ALJ discounted appellant's back and hip pain because the ALJ believed that the medical evidence demonstrated "minimal abnormalities." The ALJ's conclusion ignores the evidence from the two consulting physicians that appellant suffered from severe degenerative arthritis, a condition that would account for her complaints of pain.

We do note that appellant had received unemployment compensation benefits at the time she had alleged that she had become disabled. Although the ALJ properly considered this fact in assessing appellant's

credibility, the ALJ failed to "give full consideration to *all* of the evidence presented relating to subjective complaints." *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984) (emphasis added). We believe a remand is necessary so the ALJ may re-evaluate appellant's complaints of disabling pain, giving appropriate weight to the medical evidence and consideration to whether appellant's perception of her impairments is exacerbated by a psychological impairment, as indicated by Dr. Molnar, her treating physician.[1]

A remand is also required because there is no indication in the ALJ's opinion that he expressly recognized that the burden of proof to establish that there is other work in the national economy that appellant could perform shifted to the Secretary. "Since this is not a case where we can say for certain that the claimant either would have won or lost irrespective of who shouldered the burden of proof, we must remand." *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985).

 In addition, the ALJ erred by relying on the Medical-Vocational Guidelines to direct a finding of no disability. Where a claimant suffers from a nonexertional impairment, such as pain, that significantly limits his or her ability to perform the full range of work contemplated by the Guidelines, the ALJ may not rely on the Guidelines to satisfy the Secretary's burden of proof, but must instead produce vocational testimony. *E.g., Tucker v. Heckler,* 776 F.2d 793, 795–96 (8th Cir.1985). In this case we believe that appellant has, at a minimum, alleged pain to a degree that would preclude reliance on the Guidelines. In 1984 consulting physician Dr. Strickland believed that appellant's severe arthritis of her lumbar spine would prevent her from sitting for prolonged periods of time. The capacity to perform sedentary work as contemplated in the Guidelines is predicated on an ability to sit for a prolonged period of time. *See* 20 C.F.R. § 404.1567.

Accordingly, the judgment of the district court is reversed and remanded to the district court with instructions to remand the case to the Secretary for further proceedings consistent with this opinion.

---

1. The ALJ appeared to discount Dr. Molnar's diagnosis of longstanding depression because of the doctor's responses in 1983 to the Secretary's form questionnaire. On the form Dr. Molnar indicated that appellant's mental status and capacity were within normal limits. We believe that Dr. Molnar's diagnosis of depression is not necessarily inconsistent with his responses to the questionnaire. We note that in 1983 outpatient records Dr. Molnar indicated that appellant's "depression was working against her." On remand, to resolve any confusion, the ALJ should direct interrogatories to Dr. Molnar concerning appellant's depression and its effect on her perception of pain. *See Brown v. Heckler,* 786 F.2d 870, 873 (8th Cir.1986); *Brissette v. Heckler,* 730 F.2d 548, 549 (8th Cir.1984). The ALJ should also consider ordering a psychiatric examination to further explore appellant's diagnosed depression.