Roy W. **JOHNSON** Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

No. 88–5158.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1988.

Decided April 17, 1989.

Randall J. Fuller, Anoka, Minn., for appellant.

Ted K. Yasuda, Chicago, Ill., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and NICHOL,* Senior District Judge.

LAY, Chief Judge.

Roy Johnson (Johnson) appeals from a judgment of the district court affirming the Secretary's denial of an award of disability benefits. We find that the Secretary's denial was not supported by substantial evidence on the record as a whole.

Johnson filed for disability benefits and supplemental security income under the Social Security Act (Act) on September 10, 1984. His application was denied on November 16, 1984. Johnson's request for reconsideration was denied and on January 3, 1985, Johnson filed his request for a hearing. That hearing was had before an Administrative Law Judge (ALJ) on April 9, 1985. On June 27, 1985, the ALJ found Johnson not disabled and denied the award of benefits. The Appeals Council denied Johnson's request for review on August 8, 1985. Johnson then filed for review in federal district court. Both Johnson and the Secretary moved for summary judgment. The district court remanded to the Secretary for proper analysis of Johnson's subjective pain complaints, pursuant to this court's decision in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984), *vacated and remanded*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *reinstated*, 804 F.2d 456 (8th Cir.), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). A second hearing took place before an ALJ on November 25, 1986. The ALJ issued his decision on December 30, 1986, finding that Johnson was not disabled and could perform unskilled sedentary work. Johnson's request for review by the Appeals Council was denied on February 21, 1987. Johnson then filed this civil action, seeking judicial review of the Secretary's decision. The matter was referred by the district court to the magistrate for review. The magistrate determined that the Secretary's decision was not supported by substantial evidence on the record as a whole, and recommended that judgment be granted for Johnson. The district court chose not to adopt the magistrate's recommendation, and granted judgment for the Secretary on March 24, 1988. Johnson appeals.

Facts

Johnson is presently forty-one years old. He worked in the past as a truck driver and as an aircraft parts grinder. He quit school after the ninth grade and has two years of auto mechanic's training at a vocational school.

Johnson has a lengthy medical history. He has a congenital atrial septal defect, for which he had open-heart surgeries in 1962 and 1972. Following the second surgery, he lapsed into a postoperative coma, which lasted fourteen days. It was speculated that the coma resulted from a cerebral air embolus due to the heart-pump machine used during surgery. Since emerging from the coma, Johnson has consistently suffered headaches.

Johnson subsequently suffered two injuries while employed as a truck driver. On December 16, 1983, he fell between a truck

and a loading dock and suffered leg injuries. In August, 1984, Johnson injured his back while lifting a barrel in a machine shop. He has not worked since that time.[1]

According to Johnson, his daily activities are severely limited by the combined effects of his back and leg pain and his headaches. He can stand continuously for no longer than 30–45 minutes, nor can he walk further than two blocks. He cannot bend or stoop. He can sustain no particular activity for longer than two hours. In addition, he suffers from headaches almost every day with varying severity, which last from two hours to all day. He states that he is compelled to lie down in a quiet, dark environment, and that at times this, even with medication, does not control the headache pain. Johnson contends that the pain he suffers from the combined effects of his back and leg problems and his headaches renders him unable to work a full day at any type of job.

At the second hearing, the vocational expert rendered an opinion that if Johnson had to lie down after every two hours of activity, accommodation of this requirement precluded the ability to perform any substantial work in the national economy. The ALJ nonetheless concluded that Johnson retained the residual functional capacity to perform unskilled, sedentary work, and that there had been no twelve month continuous period of disability after September 25, 1984. Accordingly, the ALJ denied any award of benefits to Johnson.

In deciding that Johnson was capable of unskilled, sedentary work, the ALJ found that Johnson had "rarely alleged that he has [headache] pain at a level of severity that would prevent him from engaging in substantial gainful activity." Transcript of Record at 241, *Johnson v. Secretary of Health and Human Servs.*, (8th Cir.1989) (No. 88–5158) [hereinafter Record]. The ALJ noted that Johnson's complaints of leg pain were occasional, and that his medical tests indicated no severe limitations. The ALJ listed as factors supporting his deter-

mination Johnson's failure to undergo treatment or therapy, his use of only non-narcotic pain medications, his wife's testimony that Johnson rarely complains about his medical problems and his statements that he can sometimes fish, grocery shop, cut the lawn and wash the car. On this basis he found Johnson's headache pain not disabling and rejected the VE's opinion that if Johnson's accounts of his headache pain were believed, that Johnson was disabled within the meaning of the Act.

Discussion

■ We note first that Johnson has never claimed that his leg and back pain *alone* precluded his working. He has alleged that the *combined* pain he suffers from his leg and back *and his headaches* causes his disability. It is well settled that the determination of disability is to be made by evaluating the *combined* effects of the claimant's disabilities. *Layton v. Heckler,* 726 F.2d 440, 442–43 (8th Cir.1984); *Dressel v. Califano,* 558 F.2d 504, 508 (8th Cir.1977). *See also Behnen v. Califano,* 588 F.2d 252, 255 (8th Cir.1978); *Timmerman v. Weinberger,* 510 F.2d 439, 443 (8th Cir.1975). As Johnson concedes his leg and back pain alone does not disable him, whether or not Johnson suffers disabling headache pain is the determinative issue in this case.

It is well settled "that pain can cause disability within the meaning of the Social Security Act." *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978). *See Yawitz v. Weinberger,* 498 F.2d 956, 960–61 (8th Cir. 1974); *Murphy v. Gardner,* 379 F.2d 1, 7 n. 8 (8th Cir.1967). "[E]vidence of pain suffered by a claimant may be of necessity subjective in nature * * *." *Northcutt,* 581 F.2d at 166. As with all other subjective testimony, its evaluation is based in part on the credibility of the declarant. Thus, the ALJ, as factfinder, must make the initial determination. On many occasions, this court has addressed the standards to be used by the ALJ in making his evaluation of a claimant's accounts of pain.

---

**1.** Johnson also has a mild hearing deficit in his right ear for which he wears a hearing aid. He cannot discern voices from background noises

nor can he hear fingers rubbing against one another close to his ear.

In *Polaski v. Heckler,* this court observed that "[t]he adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations." 751 F.2d at 948 (original emphasis). *Polaski* further counseled that the adjudicator may discount subjective complaints "if there are inconsistencies in the evidence as a whole." *Id.* However, this court has also held that "before an ALJ may reject a claimant's subjective complaints of pain, the ALJ *must* make express credibility determinations and set forth the inconsistencies in the record that lead the ALJ to reject the claimant's complaints of pain." *Brock v. Secretary of Health and Human Servs.,* 791 F.2d 112, 114 (8th Cir.1986) (emphasis added).

█ Here, the ALJ merely stated: "A subjective complaint of pain 'may be discounted if there are inconsistencies in the evidence as a whole.'" Record at 241. Following this recitation of the rule, the ALJ found: (1) the claimant has rarely alleged that he has headaches at a level of severity that would prevent him from engaging in substantial gainful activity; (2) that although Johnson has a history of chronic headaches, dating from his 1972 heart surgery, he undergoes no treatment or therapy for his headaches; (3) that his primary complaints to his doctors concern leg and back pain; (4) he takes Darvocet for headache pain; (5) he rarely complains about his pain; (6) Johnson's daily activities have not been significantly reduced; and (7) Johnson has not complained of any adverse side effects from his use of prescriptive drugs.

We find nothing in the ALJ's findings inconsistent with Johnson's claim of disability so as to justify the ALJ's disbelief of Johnson's testimony.

After carefully reviewing the record, we concur with the magistrate that while the ALJ did not completely disregard Johnson's claims of pain, the ALJ failed to consider all the evidence presented. *Herbert v. Heckler* requires that the Secretary "demonstrate that [he] *evaluated all* the evidence." *Herbert v. Heckler,* 783 F.2d 128, 130 (8th Cir.1986) (original emphasis).

The ALJ found that Johnson rarely complained of incapacitating headache pain. The record belies this. Johnson's wife's unchallenged testimony was that he "was not a complainer." That Johnson did not verbalize "I have a headache" does not form the basis of any inconsistency. One who has suffered severe headaches for the past decade may simply see no reason to verbally acknowledge each one. Aside from this, both Johnson and his wife testified that Johnson had to lie down several times per day for extended periods of time in a darkened, quiet room due to the headaches. This testimony was uncontradicted.

Johnson's claim that the degree of pain was incapacitating is also supported by his statement regarding the need for bed rest during a headache. Thus the evidence also supports a finding of pain so severe so as to require recumbency.

The medical records consistently corroborate Johnson's accounts of his headache pain. Nearly every doctor's report includes notations about Johnson's symptoms, which began after the fourteen-day postoperative coma.

Although Johnson also complained of disabling leg and back pain, which in itself would not be totally disabling, the ALJ was required to consider Johnson's disabilities as a whole. As early as 1976, Johnson's neurologist had determined that Johnson had suffered permanent brain damage (and consequent headaches, memory loss and alterations in level of consciousness) due to the probable air embolism and that no further medical treatment was indicated. Record at 70–71. It is thus not inconsistent that Johnson would not continue to seek medical treatment for the headaches.

Similarly, Johnson's taking Darvocet for the pain does not amount to evidence that the pain was not severe. Johnson testified that he also used bed rest as a treatment.

The ALJ found specifically that Johnson's daily activities had not been significantly reduced due to his headache pain. This conclusion is without support in the record. Both Johnson and his wife testified that the severe headaches occurred at

least daily, that they required bed rest in a darkened room for a half hour up to two hours, and that the headaches had been worsening recently. Regardless of the fact that Johnson could perform some activities such as walking, TV watching, fishing or grocery shopping, when a headache occurred,[2] the uncontradicted testimony showed that he was *totally* prevented from any activity for the duration of the headache.

Further, the ALJ's finding that Johnson had not complained of medication-induced side effects is without record support. Johnson, his wife and his mother all gave unchallenged statements that Johnson experiences fatigue, inability to concentrate, and memory loss due to the medication. Johnson's wife stated that his memory is increasingly worse. She stated she has to monitor his medications due to his poor memory.

The district court observed that the ALJ did mention this testimony, but reasoned that the ALJ must have found this testimony was not credible. Yet, as acknowledged by the district court, the ALJ failed to make *express* findings that Johnson's testimony and that of his wife were not credible. *See Smith v. Heckler,* 735 F.2d 312, 317 (8th Cir.1984). The district court nevertheless reasoned that the implication was clear that the testimony was non-credible because of the finding of inconsistent evidence.[3] However, as the magistrate reasoned, and as we have pointed out, there is nothing in the ALJ's findings that is inconsistent with a finding of incapacitating headache pain. The basic flaw in the

ALJ's findings is that the full record was not considered. None of the inconsistencies cited by the ALJ in any way impeached the testimony of the claimant or that of his wife and mother.

■ The vocational expert was called by the ALJ to testify as to the availability of jobs in the national economy. The vocational expert was present throughout the testimony. He testified that Johnson would not be able to work competitively in the national economy if he had to lie down for extended periods during the working day. This testimony, although recited, was not commented upon by the ALJ; in fact, it was either overlooked or ignored. No expert testified that Johnson could find a job with the physical and nonexertional impairments he suffered. It is difficult for us to understand this omission.

In conclusion, we find that the Secretary both failed to weigh the uncontradicted testimony regarding the extent of the claimant's impairment and ignored the testimony of the vocational expert that claimant's disability would not allow him to find work.

After careful review of the record as a whole, we find only one supportable conclusion: that Johnson suffers from a non-exertional impairment (headache pain) which renders him disabled under the Social Security Act. The Secretary has failed to carry his burden of proof that Johnson can perform other work available in the national economy. We therefore vacate the order of the district court. Accordingly, we re-

---

2. In *Klug v. Weinberger,* 514 F.2d 423 (8th Cir. 1975), the claim was based primarily on headache pain. Judge Ross observed that the ALJ held "that Klug is not disabled from engaging in substantial gainful activities because he is capable of driving and walking short distances, can carry packages and is capable of socializing." The court stated further:

> This Court rejected this type of reasoning in a case very similar to the instant one, *Yawitz v. Weinberger,* * * * 498 F.2d at 960. * * * As in *Yawitz,* the administrative law judge's emphasis on this evidence of mobility totally ignores all of the other evidence in the record regarding the effect of such activity on Klug's headaches. When such reliance has been placed on one portion of the record to the

disregard of overwhelming evidence to the contrary, the case must be decided against the Secretary.

514 F.2d at 427 (citation omitted).

3. The district court felt compelled to say "[i]n future cases the A.L.J. is cautioned to make express credibility findings concerning the testimony of the plaintiff and the family and friends of the plaintiff, in addition to any other lay testimony." *Johnson v. Secretary of Health & Human Servs.,* No. 6–85–1472, slip op. at 7 (D.Minn. Mar. 24, 1988). This misreads our clear mandate. *See Smith v. Heckler,* 735 F.2d 312, 317 (8th Cir.1984). The requirement of express findings is not precatory.

mand the case to the district court with directions to enter judgment for Johnson.