Jesse DELROSA, Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 90–1022.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Jan. 3, 1991.

**482**

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Joseph B. Liken, Dallas, Tex., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,[*] Senior District Judge.

BRIGHT, Senior Circuit Judge.

Jesse Delrosa appeals the district court's judgment affirming the decision of the Secretary of Health and Human Services (Secretary) denying his claim for supplemental security income (SSI) under 42 U.S.C. § 1382c (1988). On appeal, Delrosa contends that the Secretary's decision was not supported by substantial evidence. He also has filed a motion requesting that this court consider additional medical evidence not considered by the Secretary or the administrative law judge (ALJ) in rendering the decision. We decline to consider the new evidence. However, because the ALJ erred in interpreting the evidence and medical record, we reverse and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND

In February 1986, Jesse Delrosa filed an application for SSI benefits alleging disability due to tuberculosis and related complications. Delrosa, age forty-four, cannot read or write. He has episodically suffered from tuberculosis first diagnosed over twenty years ago. He worked primarily as a sheetrock finisher until 1984 when he was stricken by a particularly acute episode of tuberculosis. During this episode, Delrosa contracted Addison's disease,[1] which required his hospitalization in 1985. In January 1986, after extensive hospital and outpatient treatment, Delrosa's moderately advanced tuberculosis became once again inactive. However, Delrosa must take prescribed medication for the rest of his life to keep the Addison's disease under control.

In February 1986, Delrosa also required hospitalization for leg injuries he sustained as a pedestrian when an automobile struck him. Although Delrosa had effectively recovered from this accident by the end of March 1986, he continues to experience pain and numbness in his leg, as well as blurred vision and severe headaches.

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1.  Addison's Disease is a

> failure or insufficiency of the adrenal cortex to secrete the vital cortical hormones, many of which are necessary to life.... Serous fluid and electrolyte imbalances are typical and often accompanied by a peculiar tan skin pigmentation, nausea, vomiting, decreased blood pressure, weakness, weight loss, and other specific and constitutional changes.
>
> Addisonian crisis, or acute insufficiency, may be triggered by a generalized infection or massive stress. In such a crisis rapid deterioration, shock, and death may ensue.

McGraw–Hill Concise Encyclopedia of Science & Technology, 2d ed. (1989).

At a November 1986 hearing, Delrosa testified that he frequently experiences chest pains and coughs up blood. He also complained of regular pain in his back and legs, and occasional loss of feeling in his legs since the automobile accident. In addition, he experiences occasional numbness in his hands, a result of previous bouts of alcoholism from which he is presently recovering. Having no other means of financial support, Delrosa forces himself to work a few days each month in order to cover his basic living expenses. According to Delrosa, he has great difficulty breathing when he is working because of the dust generated by the sheetrock. In addition, the fevers, nausea and severe headaches he suffers while working render him unable to work for any extended period. Consequently, Delrosa spends most of his time alone in his single room at a boarding house sleeping, watching television, and taking short walks. He has few, if any, friends and does not engage in any regular social activities.

The principal medical evidence in this case comes from two examinations Delrosa received in the summer of 1986. In the first, Dr. Charles Holzner, an internist and Delrosa's previously treating physician, conducted a consultative exam in June 1986 at the request of the SSA. In his report, Dr. Holzner concluded that Delrosa's tuberculosis had been fully treated and that the Addison's disease appeared to be under control with prescribed medication. Dr. Holzner further concluded that Delrosa also suffered from "chronic anxiety depression" which was under treatment. Tr. 251–57.

In August 1986, Delrosa underwent a second examination after his regular physician referred him to neurologist Allen S. Boyd to determine the causes of Delrosa's continuing complaints of pain and numbness in his left arm and leg, blurred vision, and severe headaches. Unable to explain Delrosa's symptomatology, Dr. Boyd rec-

ommended that Delrosa undergo further testing including an EMG,[2] a nerve conduction study, an EEG,[3] and a CT scan. Tr. 261. Dr. Boyd indicated that he would attempt to make arrangements for the additional tests, however, they were never conducted. *Id.*

Based on the testimony and medical evidence, the ALJ found that Delrosa suffered from residuals from tuberculosis; residuals from injuries sustained in the automobile accident; multiple physical complaints; a history of alcoholism; and complaints of anxiety and nervousness. However, the ALJ stated that (1) the record failed to support Dr. Holzner's diagnosis of chronic anxiety depression, (2) Delrosa's subjective complaints of pain were not credible, and (3) that the remaining impairments either individually or in combination did not constitute a severe impairment. Accordingly, the ALJ concluded that Delrosa was not disabled and rejected his application. The Appeals Council denied Delrosa's request for review and the district court affirmed. This appeal followed.

## II. DISCUSSION

### A. Motion to Consider Additional Medical Evidence

On appeal, Delrosa contends that the ALJ's decision is not supported by substantial evidence and that the ALJ erroneously discredited his subjective complaints of pain. Before we review the record, we must first determine what the record includes. Delrosa has filed a motion asking us to consider the psychiatric report of Dr. W. Gerald Fowler following an examination of Delrosa in January 1990, over four years after the hearing before the ALJ and three and one-half years after the Appeals Council finalized the ALJ's decision. The Social Security Act generally precludes consideration on review of evidence outside the record before the Secretary. 42 U.S.C. § 405(g) (1988); *Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir.1986). The court,

---

**2.** An electromyogram (EMG) measures the electrical conduction capacity of the muscular system. Sloan–Dorland Annotated Medical–Legal Dictionary (West 1987).

**3.** An electroencephalogram (EEG) measures the electrical conduction capacity of the brain. Sloan–Dorland Annotated Medical–Legal Dictionary (West 1987).

however, may remand to the Secretary for consideration of new evidence where such evidence is material and the claimant demonstrates good cause for failing to submit the new evidence at the administrative level. 42 U.S.C. § 405(g).

Delrosa has not sufficiently justified his failure to submit the new evidence either at the administrative level or at any time during the intervening three and one-half years. Consequently, we deny Delrosa's motion and proceed to review the record without considering Dr. Fowler's psychiatric evaluation. *See Williams*, 790 F.2d at 715 (declining to consider medical report dated seventeen months after administrative hearing, ten months after ALJ rendered decision, and eight months after appeals council denied review).

### B. Standard of Review

■ On review, it is our duty to determine whether substantial evidence in the record as a whole supports the Secretary's decision. 42 U.S.C. § 405(g) (1988); *Jeffery v. Secretary of Health & Human Servs.*, 849 F.2d 1129, 1132 (8th Cir.1988). As we have repeatedly noted, this standard of review involves more than a mere search for evidence supporting the Secretary's findings. *See, e.g., McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir.1983). We must examine all of the evidence on the record, *Brand v. Secretary of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir.1980), and take into account whatever fairly detracts from its weight. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951); *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). Having examined the whole of the record, we are convinced that the ALJ did not give proper consideration to all of the evidence before him. We therefore reverse the final decision of the Secretary.

### C. Review for Substantial Evidence

■ Where an applicant for benefits asserts the presence of multiple impairments, the Social Security Act requires that

In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility ..., the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 1382c(a)(3)(F) (1988); 20 C.F.R. § 404.1523 (1990). Thus, the fact that each impairment standing alone is not disabling does not conclude the inquiry into whether an applicant is disabled. The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *See Johnson v. Secretary of Health & Human Servs.*, 872 F.2d 810, 812 (8th Cir.1989). In the present case, therefore, the ALJ was obligated to consider the combined effect of Delrosa's physical and mental impairments. *Reinhart v. Secretary of Health & Human Servs.*, 733 F.2d 571, 573 (8th Cir.1984); *Wroblewski v. Califano*, 609 F.2d 908, 914 (8th Cir.1979).

■ In the present case, one of Delrosa's treating physicians diagnosed him as having chronic anxiety depression. Although acknowledging the diagnosis, the ALJ summarily dismissed it stating that he was "unable to find any support for [it]." Tr. 14. However, the ALJ's finding directly conflicts with multiple notations in the record indicating that during the eighteen months prior to the hearing, Delrosa had been continuously under a prescription for librium[4] which he took daily. Tr. 124, 215, 260. The ALJ, in effect, substituted his own unsubstantiated conclusions regarding the very existence of a medical condition for the express diagnosis of the treating physician. By summarily rejecting Dr. Holzner's chronic anxiety depression diagnosis, the ALJ failed to satisfy his obligation to consider the combined effect of Delrosa's mental and physical impairments.

■ We have previously found error where the ALJ refused to accept merely

---

**4.** The record specifically lists various prescriptions for chlordiazepoxide, which is the chemical name for librium. 1990 Physicians Desk Reference.

the "psychological overtones of the diagnoses of ... examining physicians." *Cole v. Harris*, 641 F.2d 613, 615 (8th Cir.1981). Here, the ALJ committed a more egregious error by rejecting not merely the overtones of Dr. Holzner's diagnosis, but the diagnosis itself. To the extent that the ALJ questioned the existence of Delrosa's diagnosed mental condition, we believe that prevailing case law required the ALJ, at a minimum, to order a consultative psychiatric examination.[5] *See Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985) (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir.1984) (" 'reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.' ")); *Chitwood v. Bowen*, 788 F.2d 1376, 1378 (8th Cir.1986) (advising ALJ on remand to consider ordering a psychiatric examination to further explore claimant's diagnosed depression which ALJ had discounted).

Because we are remanding this case for further administrative proceedings, we feel compelled to address the ALJ's findings discrediting Delrosa's subjective complaints of pain. "It is well-settled 'that pain can cause disability within the meaning of the Social Security Act.' " *Johnson v. Secretary of Health & Human Servs.*, 872 F.2d 810, 812 (8th Cir.1989) (quoting *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir.1978)). But because evidence of pain tends of necessity to be subjective in nature, it is for the ALJ in the first instance to evaluate the credibility to be accorded a claimant's subjective complaints of pain. *Id.* at 812; *see Landess v. Weinberger*, 490 F.2d 1187 (8th Cir.1974).

An ALJ, however, may not disregard a claimant's subjective complaints of pain solely because of a lack of objective evidence. *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). To the contrary, the ALJ may discredit subjective complaints of pain only if they are inconsistent with the evidence on the record as a whole. *Rainey v. Bowen*, 814 F.2d 1279 (8th Cir. 1987) (citing *Herbert v. Heckler*, 783 F.2d 128, 131 (8th Cir.1986)). Furthermore, where an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony. *Prince v. Bowen*, 894 F.2d 283, 286 (8th Cir.1990) (citing *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985)). Under the prevailing Eighth Circuit standard, the ALJ must give full consideration to all evidence relating to the claimant's subjective complaints of pain, including the claimant's daily activities; the duration, frequency and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions, *Polaski v. Heckler*, 739 F.2d 1320, 1321–22 (8th Cir.), *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987).

We have previously stated that " 'an applicant need not be completely bedridden ... to be considered disabled.' " *Ludden v. Bowen*, 888 F.2d 1246, 1248 (8th Cir. 1989) (quoting *Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir.1989)); *see also Bishop v. Sullivan*, 900 F.2d 1259, 1262–63 (8th Cir.1990). From our review of the record, we do not believe that Delrosa's modest activities are inconsistent with his allegations of pain. On remand, we advise the ALJ to consider the aggravating factor posed by the possibility that Delrosa's per-

---

5. We also believe that the ALJ may have failed to adequately develop the record regarding Delrosa's complaints of pain and numbness, blurred vision, and severe headaches which he has suffered since an automobile struck him. We recognize that the claimant generally carries the initial burden of establishing the existence of a disability. 20 C.F.R. § 404.1512(a) (1990). However, under well-settled principles of law, "[i]t is the ALJ's duty to develop the record fully and fairly, even in cases in which the claimant

is represented by counsel." *Bishop v. Sullivan*, 900 F.2d 1259, 1262 (8th Cir.1990) (citing *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985)). Examining neurologist Allen Boyd stated that Delrosa's symptomatology warranted further tests, but these tests were never conducted. Thus, the ALJ's conclusion that Delrosa's condition had not resulted in any physical limitations is, at best, based on an incomplete medical record.

ception of pain is exacerbated by his psychological impairment. *Chitwood,* 788 F.2d at 1378; *Herbert v. Heckler,* 783 F.2d 128, 131 (8th Cir.1986) (citing S.S.R. 82–58 stating that "when alleged symptom-related limitations are clearly out of proportion to physical findings ... the *possibility* of a severe mental impairment should be investigated." (Emphasis in original)).

## III. CONCLUSION

We reverse and instruct the district court to remand to the Secretary for further proceedings. On remand, the parties may supplement the record with any additional information which may assist the trier of fact. In addition, the ALJ may wish to order additional consultative examinations. Finally, we direct the Secretary to re-evaluate the record and any additional evidence in light of our comments.