# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2981

_____

| | | |
|---|---|---|
| John Clay, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Larry G. Massanari, Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration,[1] | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 19, 2001
Filed: April 24, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

John Clay appeals the district court's[2] order affirming the Commissioner's decision to deny disability insurance benefits and supplemental security income. We

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

review that decision to determine whether it is supported by substantial evidence on the record as a whole. See Ingram v. Chater, 107 F.3d 598, 600 (8th Cir. 1997). Having carefully reviewed the record, including the evidence Clay submitted to the Appeals Council, see Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000), we affirm.

We do not consider the new documents Clay submitted with his notice of appeal because he did not submit them below. See Delrosa v. Sullivan, 922 F.2d 480, 483-84 (8th Cir. 1991) (refusing to consider new evidence submitted on appeal). As to the documents in the record, we believe the Administrative Law Judge (ALJ) properly considered them in making his findings. Further, we find no basis for disturbing the ALJ's credibility determination, see Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999) (decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints will not be disturbed), or his conclusion that Clay did not have a severe impairment, see Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996) (claimant does not have severe impairment when impairment or combination of impairments would have no more than minimal effect on claimant's ability to work).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.