# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1622

_____

Charles Williams,      *
             *
    Appellant,    *
             * Appeal from the United States
 v.           * District Court for the
             * Western District of Arkansas.
JoAnne B. Barnhart, Commissioner, *
Social Security Administration,  *   [UNPUBLISHED]
             *
    Appellee.     *

_____

Submitted: September 6, 2002
Filed: September 11, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
  Judges.

_____

PER CURIAM.

  Charles Williams appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Having carefully reviewed the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review), we affirm.

_____

  [1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In his 1998 applications, Williams alleged disability since September 1993 from hypertension, high cholesterol, back and stomach problems, and arm weakness. After a July 1999 administrative hearing, an administrative law judge (ALJ) found his impairments, either alone or combination, not severe.

Williams argues that the ALJ failed to follow the criteria for evaluating his hypertension. We disagree. While the blood pressure readings before the ALJ reflect that his hypertension was not well controlled by medication, there is no indication that Williams met any of the criteria for the hypertensive-cardiovascular-disease listing. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.03 (2001) (requiring evaluation under criteria in listings for chronic heart failure, ischemic heart disease, visual disorders, renal impairments, or vascular accidents of central nervous system).

Contrary to Williams's assertion, the ALJ did not err in finding his impairments not severe. A consulting orthopedic physician opined that Williams's orthopedic problems did not preclude even heavy work; the physician who treated Williams for hypertension did not advise him not to work; despite Williams's claimed onset date of September 1993, he did not seek medical treatment for any of his allegedly disabling conditions until July 1998, after which he sought treatment only sporadically; and Williams did not have his blood pressure routinely monitored so that his hypertension could be treated properly. See Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996) (sequential evaluation process may be terminated at Step 2 when impairment or combination of impairments would have no more than minimal effect on claimant's ability to work).

We decline to consider the new arguments Williams raises about the ALJ's failure to develop the record and the new evidence he submits, see Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000); Delrosa v. Sullivan, 922 F.2d 480, 483-84 (8th Cir. 1991), and his remaining arguments provide no basis for reversal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.