Daisy FORD, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–1717.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 23, 1984.

Decided Feb. 14, 1985.

Marilyn Rauch, Little Rock, Ark., for appellant.

Karen J. Bettner, Dallas, Tex., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Daisy Ford appeals from the denial of disability benefits by the Secretary of Health and Human Services, which was affirmed by the district court.[1] She argues that the Administrative Law Judge gave inadequate and improper consideration to her subjective symptoms of pain. We reverse and remand for further consideration of the pain issue in accordance with *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984).

Daisy Ford was a domestic worker for fifteen or twenty years and in July 1981 had pain in her back, neck and legs, as well as knee trouble, that she claims prevented her from working. It is not necessary for our determination to outline in detail the evidence before the ALJ. Suffice it to say that in evaluating the evidence in this case the ALJ stated: "Claimant's allegations of pain of the severity to preclude any work activity are not supported by the medical evidence and cannot be considered credible." In his findings the ALJ further stated:

> The allegations of the claimant as to the severity of her impairments and the pain she experiences are not accepted as being credible. The medical evidence of record reflects that the level of severity of her pain is not sufficient to preclude her from engaging in her past relevant work * * *.

In a recent class action challenging the Secretary's method of evaluating pain, *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) the Secretary and class plaintiffs reached an agreement on the proper pain standard. That agreed-upon standard, set out in the opinion, provides in pertinent part:

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is *just one factor* to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

1. the claimant's daily activities;

2. the duration, frequency and intensity of the pain;

3. precipitating and aggravating factors;

4. dosage, effectiveness and side effects of medication;

5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322 (first emphasis added, second emphasis in original).

Subsequent to the announcement of this pain standard Congress passed the Social Security Disability Benefits Reform Act of 1984 which has a section concerning the evaluation of pain. We recently concluded that the *Polaski* pain standard is still a correct statement of the law and must be considered by all ALJs in the Eighth Cir-

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

cuit. *Polaski v. Heckler*, 751 F.2d 943, at 948–950 (8th Cir.1984).

We think it evident that this case must be reversed and remanded for evaluation of Ford's complaints of pain in accord with the standard set forth in *Polaski*. Reversed and remanded.