■ Amdahl was not a party to the stipulation and, although the stipulation ex-

pressly provides that it shall control all further proceedings between the Bank and the Galls, nothing in the stipulation indicates that by admitting liability to the Bank the Galls thereby waived their potential claims against Amdahl. We therefore hold that the stipulation between the Galls and the Bank does not preclude Linda Gall from asserting her fraud and conversion claims against Amdahl. Thus, we reverse the trial court's grant of summary judgment in favor of Amdahl on this issue.[7]

**Conclusion**

For the reasons discussed above, we affirm the district court's grant of summary judgment on the fraud and conversion claims against the Bank. We reverse, however, the grant of summary judgment in favor of Amdahl on Linda Gall's fraud and conversion claims against Amdahl and remand to the district court for a trial on the merits. Each party shall bear its own costs.

**Wilbur D. HERBERT, Appellant,**

v.

**Margaret M. HECKLER, etc., Appellee.**

**No. 85–1495.**

United States Court of Appeals,
Eighth Circuit.

Submitted on Briefs Oct. 31, 1985.

Decided Feb. 4, 1986.

---

Bruce K. Kirby, Springfield, Mo., for Appellant.

Robin J. Aiken, Asst. U.S. Atty., Springfield, Mo., for appellee.

---

\* The Honorable John K. Regan, Senior Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

Before ARNOLD and WOLLMAN, Circuit Judges and REGAN,\* Senior District Judge.

REGAN, Senior District Judge.

Wilbur D. Herbert argues that the District Court erred in affirming the Secretary's denial of his claim for social security and supplemental security income benefits The district court ·found that there was substantial evidence to support the finding of the Secretary that Herbert, notwithstanding a medically determinable physical and/or mental impairment, was not disabled within the meaning of section 216(i), 223, and 1614(a)(3)(A), respectively, of the Social Security Act, as amended. We reverse and remand.

Herbert contends that the Secretary's decision was not supported by substantial evidence in three respects. We need only consider the first two. First, Herbert contends that his subjective complaints of pain were not considered. We disagree. The record reveals that the ALJ found that Herbert's allegations of constant, severe, and unabated pain were not credible and that the pain and impairments alleged did not restrict Herbert's ability to perform his past relevant work.

The medical evidence adduced by the Secretary established that Herbert suffers from degenerative arthritis, chronic obstructive pulmonary disease, alcohol abuse, exogenous obesity and chest pain. Singly, or in combination, these impairments were found to have not reached a sufficient degree of severity so as to render Herbert disabled within the meaning of Sections 216(i), 223, 1614(a)(3)(A) of the Social Security Act, as amended. The Administrative Law Judge (ALJ) found that a decision on whether Herbert was disabled could not be made on the basis of work activity or on medical grounds alone. The ALJ was required to assess Herbert's residual function capacity. The ALJ found that Herbert [1] had the residual function capacity to

---

1. Step 4 of the sequential evaluation process set forth at 20 C.F.R. § 404.1520 and 416.920. *See Smith v. Heckler,* 735 F.2d 312, 315–16 (8th Cir.1984) at fn. 1.

do his past relevant work. This leads us to Herbert's second point on appeal: whether the ALJ properly evaluated Herbert's complaints of pain in the manner required by Section 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984 as interpreted in this Circuit by *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984). We find that the ALJ did not properly evaluate Herbert's complaints of pain.[2]

Section 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 42 U.S.C. § 423(d)(5), states in pertinent part:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ... there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could *reasonably be expected to produce the pain* or other symptoms alleged and which *when considered with all evidence required to be furnished* under this paragraph (*including statements of the individual or his physician* as to the intensity and persistence of such pain or other symptoms *which may reasonably be accepted as consistent with the medical signs and findings*), would lead to a conclusion that the individual is under a disability. *Objective medical evidence of pain* or other symptoms established by medically acceptable clinical or laboratory techniques ... *must be considered* in reaching a conclusion as to whether the individual is under a disability (Emphasis supplied).

*Polaski v. Heckler, supra,* requires:

> that all pain cases in the Eighth Circuit are to be evaluated on the basis of the amended statute, the pain regulation in 20 C.F.R. § 404.1529, and the Secretary's ruling SR 82–58 as clarified in the settlement agreement set forth in *Polaski v.*

*Heckler*, 739 F.2d 1320, 1321–2 (8th Cir. 1984). In particular, adjudicators are to consider the claimant's prior work record and observations by third parties and physicians concerning:

1. the claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication; and
5. functional restrictions.

*See Jelinek v. Heckler*, 764 F.2d 507, 509–10 (8th Cir.1985) (construing *Polaski v. Heckler*, 751 F.2d 943, 950 (8th Cir.1984)); and *Ford v. Heckler*, 754 F.2d 792 (8th Cir.1985). In addition, "the absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is *just one factor* to be considered in evaluating the credibility of the testimony and complaints." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984) (emphasis supplied).

We think that the *Polaski* cases and the Social Security Disability Benefits Reform Act of 1984 require that the Secretary set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimants' subjective complaints of pain. It is not enough that such inconsistencies may be found in the evidence presented to the Secretary. The Secretary must demonstrate that she *evaluated all* the evidence. See *Holland v. Heckler*, 768 F.2d 277 (1985); *Polaski v. Heckler*, 751 F.2d at 950; *Smith v. Heckler*, 760 F.2d 184, 186 (8th Cir.1985).

There is objective medical evidence which is possibly inconsistent with Herbert's complaints of severe pain. Herbert has no joint deformity and no loss of motion which would interfere with his ability to sit, stand, walk, or use his arms and hands. Herbert can lift 30 pounds frequently and

---

**2.** We note, in deference to the ALJ, that he rendered his decision in this matter before the Social Security Disability Benefits Reform Act of 1984 was passed and before our decision in *Polaski*.

can walk about one block before he feels uncomfortable. Herbert has a full range of motion in his cervical spine and in his lumbar spine. X-rays revealed moderate. degenerative changes with spurring throughout the lumbar spine. Herbert suffers from mild pulmonary dysfunction which probably requires that he minimize his exposure to atmospheric pollutants. However, the ALJ found that Herbert's mild pulmonary dysfunction did not prevent him from performing his previous work and did not prevent him from engaging in substantial gainful activity.

The objective medical evidence supports the conclusion that Herbert suffers from some pain. That conclusion is implicit in the decision of the ALJ. We infer, however, that the ALJ concluded that there was an absence of objective medical evidence to support a finding of the severe pain from which Herbert claimed he suffered. "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). The ALJ failed to set forth in his decision any inconsistencies in the evidence as a whole. Furthermore, the ALJ failed to give full consideration to all of the evidence presented relating to Herbert's subjective complaints. While there is evidence in the record concerning observations by third parties and treating and examining physicians of:

1) Herbert's daily activities;

2) the duration frequency and intensity of his pain;

3) precipitating and aggravating factors; and

4) dosage, effectiveness, and side effects of medication taken by Herbert;

these factors are not discussed in the decision of the ALJ as required by *Polaski, supra,* 751 F.2d at 948–50. The ALJ did *not* find that Herbert's medically determined impairments could *not* be reasonably expected to produce Herbert's symptoms. *See* 20 CFR § 404.1529; 42 USC § 423(d)(5). Thus, the ALJ's "credibility" determination which assessed the severity

of Herbert's pain misapplied the standard set forth in *Polaski.* On remand, we advise the Secretary to also consider the following dictate of SR 82–58, namely, "when alleged symptom-related limitations are clearly out of proportion to physical findings ... the *possibility* of a severe mental impairment should be investigated." (Emphasis in original).

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded to the district court with directions to remand the case to the Secretary for action consistent with this opinion.