Franklin L. BROCK, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

No. 85–2126.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1986.

Decided May 19, 1986.

Gregory T. Karber, Ft. Smith, Ark., for appellant.

Thomas Stanton, Dallas, Tex., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HANSON,* District Judge.

PER CURIAM.

Franklin Brock appeals from a district court[1] order affirming the Secretary of Health and Human Services' denial of Brock's application for disability insurance benefits under title II of the Social Security Act, 42 U.S.C. § 423, and for supplement

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, presiding.

security income (SSI) benefits under title XVI of the Act, 42 U.S.C. § 1381a. For the reasons discussed below, we reverse and remand to the Secretary for further proceedings.

**Facts**

Franklin Brock is fifty years old with a tenth grade education, no vocational training, and past work experience as a welder, spray painter, roofer, and maintenance man. Brock filed an application for disability insurance benefits on August 10, 1983, alleging that he became disabled on February 25, 1982, because of pain in his back, ankles, and feet. He attributes this pain to on-the-job injuries he sustained in the early 1970's in which he broke his right ankle and several vertabrae in his back and to a crushed left heel that resulted from a fall in July 1983. Brock also filed an application for SSI benefits on August 10, 1983, alleging he became disabled on July 13, 1983, because of his crushed left heel.

After Brock's applications were administratively denied, a full hearing was held before an ALJ on January 24, 1984. Brock was represented by a nonlegal advocate. Brock testified that the injuries he sustained to his back and right ankle in the early 1970's had become progressively worse and now prevented him from doing the heavy lifting, standing, and bending his work as a laborer required. Brock further stated that he has to use crutches from the time he first gets up in the morning until he puts on lace-up combat boots to support his ankles. Brock also testified that he takes prescription medication and occasionally aspirin for his arthritis. When asked about his daily activities, Brock replied that he sits around most of the day, walks about 1,000 yards to his mother's house once a day, and occasionally cuts wood in his back yard with a small chain saw.

The medical evidence revealed that Brock suffered a fracture of the left heel in July 1983, for which Dr. William Sherrill, Brock's treating orthopedic physician, performed a closed reduction and percutaneous pinning of the fracture. The history and physical report completed by Dr. Sher-

rill on Brock's admission to the hospital for surgery on his left heel referred to Brock's earlier back injury but stated that it healed "uneventfully." X-Rays later taken at the direction of Dr. Sherrill, however, showed post-traumatic degenerative arthritic changes in Brock's right ankle, a compression fracture of T12 with approximately 30% compression, and mild upper mid-thoracic dextro scoliosis. Dr. Sherrill concluded on October 4, 1983, and again on November 30, 1983, that Brock's multiple injuries limited his ability to engage in strenuous physical labor and would possibly prevent him from ever returning to gainful employment. An examination by a consultative physician for the Social Security Administration on September 16, 1983, revealed that the July 1983 fracture of the left heel was partially healed, but that Brock still walked with crutches and put no weight on his left foot. The physician also noted a history of back pain and pain and swelling in Brock's right ankle and foot.

Based on Brock's testimony and the medical reports, the ALJ determined that Brock did not suffer from a severe impairment and therefore was not disabled within the meaning of the Social Security Act. The ALJ stated:

There is no question that the claimant sustained a painful and serious injury in fracturing his heel. However, it is *hoped* that his heel will be healed with no residual problems before twelve months has expired. In order to be found entitled to disability benefits under Social Security law, an impairment must last or be expected to last for a period of at least twelve months.

The other impairments which the claimant has listed have been present during that period of time which the claimant has functioned and it is *felt* these impairments are not so severe as to prohibit substantial gainful work activity.

It is therefore *hoped,* and *believed,* that the claimant's impairment will heal within twelve months. Therefore, the claimant is not entitled to disability benefits. (emphasis added).

Brock requested the Appeals Council to review the ALJ's decision and submitted a medical report from Dr. Sherrill obtained after the ALJ had rendered his decision. In this report, Dr. Sherrill concluded that Brock was not able to perform any strenuous manual labor at that time and that Brock's condition was not expected to improve in the future. Dr. Sherrill noted that if Brock was retrained, he might possibly be able to hold a sedentary job that involved primarily hand work so long as Brock was able to get up and move around periodically. Although the Appeals Council received the February 1984 medical report into evidence, the Council denied Brock's request for review. The district court affirmed the Secretary's denial of benefits and this appeal followed.

**Discussion**

■ Our role on review is to determine whether the record, when considered as a whole, provides substantial evidence to support the Secretary's decision that Brock is not disabled. *Brand v. Secretary of Department of Health, Education and Welfare*, 623 F.2d 523, 527 (8th Cir.1980). The substantial evidence test, however, requires more than a mere search of the record for evidence supporting the Secretary's finding; review of the Secretary's decision must also take into account whatever evidence in the record fairly detracts from its weight. *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir.1984) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)).

■ After carefully reviewing the record before us, we hold that the ALJ's findings are wholly inadequate and that the conclusion that Brock is not disabled is not supported by substantial evidence on the record as a whole. Despite Brock's allegations of disabling pain in his back and both ankles, the ALJ failed to evaluate these allegations according to the standard set forth in *Polaski v. Heckler*, 751 F.2d 943, 948–50 (8th Cir.1984). In fact, the ALJ entirely ignored Brock's allegations that he experienced pain in his back and right ankle, and dismissed Brock's allegations of pain in his left heel after determining, without support in the record, that Brock's left heel would heal with no residual problems within twelve months. As this court has repeatedly stated, before an ALJ may reject a claimant's subjective complaints of pain, the ALJ must make express credibility determinations and set forth the inconsistencies in the record that lead the ALJ to reject the claimant's complaints of pain. *See, e.g., Herbert v. Heckler*, 783 F.2d 128, 130 (8th Cir.1986); *Smith v. Heckler*, 735 F.2d 312, 317 (8th Cir.1984). Because the ALJ failed to properly consider this evidence of pain, his decision, and the decisions of the Secretary and of the district court that are based upon it, must be reversed. *Smith*, 735 F.2d at 317.

■ Another factor requires reversal of the Secretary's decision. The ALJ found that Brock's only impairment was his left heel and that this impairment did not render Brock disabled because the ALJ "hoped" that it would heal with no residual problems within twelve months. The ALJ did not refer to any evidence, medical or otherwise, to support this conclusion. The only evidence in the record that could possibly be construed to support the ALJ's bald assertion are two statements of state disability medical advisers who, after reviewing only the medical reports of the doctors who had personally examined Brock, stated that "you [Brock] should heal within 12 months from the date of your injury." The statements of physicians who never personally examined the claimant but only reviewed the reports of examining physicians, however, do not constitute substantial evidence on the record as a whole. *See, e.g., Van Horn v. Heckler*, 717 F.2d 1196, 1198 (8th Cir.1983). This is particularly so in light of Dr. Sherrill's reports, which state that Brock would never regain the ability to engage in strenuous physical labor, and the report of the consulting physician who examined Brock on behalf of the Social Security Administration, which states that as of September 16, 1983, Brock could not stand or walk without crutches

"until over recent surgery." We thus conclude that the ALJ's finding that Brock's left heel would heal within twelve months is not supported by substantial evidence on the record as a whole and that this fact also requires reversal of the Secretary's decision.

 In light of our order of remand, several additional observations are in order. First, subsequent to the Secretary's decision denying Brock benefits, Congress enacted 42 U.S.C.A. § 423(d)(2)(C) (West Supp.1985) (disability insurance benefit determinations) and 42 U.S.C.A. § 1382c(a)(3)(G) (West Supp.1985) (SSI benefit determinations), which require that the Secretary consider whether the combined effect of all of the claimant's impairments are "severe" without regard to whether each impairment, if considered separately, is "severe." *See* Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 4, 98 Stat. 1794, 1800–01. Although, as the Secretary observes, this amendment is not retroactive and did not apply at the time of the Secretary's final disability determination in this case, the amendment does apply to the proceedings on remand. Second, on March 25, 1986, this court held that social security regulations 20 C.F.R. § 404.1520(c) and § 416.-920(c) are invalid to the extent that these regulations do not allow consideration of a claimant's vocational factors in assessing the severity of the claimant's impairments. *Brown v. Heckler*, 786 F.2d 870, 871–72 (8th Cir.1986). On remand, the Secretary must consider Brock's age, education, and work experience in determining whether Brock's impairments are severe. Finally, we remind the Secretary of the ALJ's duty to develop the record fully. *See Brissette v. Heckler*, 730 F.2d 548, 549–50 (8th Cir. 1984). After reviewing the transcript from the January 24, 1984, hearing before the ALJ, we feel that the ALJ should have been more diligent in questioning Brock as to the extent of the pain he experiences and the extent to which his activities are limited by his pain, especially in light of the fact that Brock was represented by a nonlegal advocate at the hearing.

**Conclusion**

For the reasons discussed above, the decision of the district court is reversed and remanded with instructions to remand this case to the Secretary for further proceedings consistent with this opinion.