Gwendolyn DOUTHIT, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 86–2520.

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1987.

Decided June 19, 1987.

Ronald L. Rothman, Clayton, Mo., for appellant.

Henry Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and DUMBAULD,[*] Senior District Judge.

---

[*] The Honorable Edward Dumbauld, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation.

MAGILL, Circuit Judge.

Gwendolyn Douthit appeals from a district court order affirming the Secretary of Health and Human Services' denial of her application for disability insurance benefits, *see* 42 U.S.C. § 423, and supplemental security income ("SSI") benefits. *See id.* § 1381a. For reversal, Mrs. Douthit argues that the Secretary's decision is not supported by substantial evidence because the administrative law judge ("ALJ") failed to properly consider and analyze her subjective complaints of pain. We agree, and reverse and remand this case for further proceedings.

Mrs. Douthit is forty-four years old and has an eleventh grade education. She has worked as a clothing presser, an automotive assembly line worker, a file clerk, and most recently a payroll technician. Mrs. Douthit has not worked since September of 1984, when she was laid off. In October of 1984, she filed an application for disability insurance and SSI benefits. Her claim was denied initially and on reconsideration. Mrs. Douthit then requested a hearing before the ALJ. The ALJ denied benefits based on his finding that Mrs. Douthit's impairments did not prevent her from performing her past relevant work. The Appeals Council subsequently denied Mrs. Douthit's request for review, and thus, the ALJ's decision is the final decision of the Secretary.

Mrs. Douthit's sole argument on appeal is that the ALJ failed to consider her subjective complaints of pain in the manner required by *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984) and its progeny. We agree.

The ALJ found that Mrs. Douthit has not engaged in substantial gainful activity since September 21, 1984. He further found that the medical evidence established that Mrs. Douthit has peripheral vascular disease, status post right axillary to left, axillary bypass graft and status post left axillary to left brachial bypass graft; status post amputation of the left index fin-

ger; vasospastic angina; atherosclerotic coronary artery disease; hypertension; history of ventricular fibrillation; and obstructed axillary by-pass graft, but that she did not have an impairment or combination thereof that met or was medically equivalent to a listed impairment. The ALJ then found that Mrs. Douthit's testimony "was not incompatible with the ability to perform her past work." The ALJ concluded that Mrs. Douthit's impairments did not prevent her from performing her past relevant work.

After carefully reviewing the record before us, we hold that the ALJ's findings are inadequate because he failed to follow Eighth Circuit law with respect to analysis of Mrs. Douthit's subjective complaints of pain. Despite her testimony of disabling daily chest pain, the ALJ did not evaluate the testimony in the manner required by *Polaski*, 751 F.2d 943, 948–50. "As this court has repeatedly stated, before an ALJ may reject a claimant's subjective complaints of pain, the ALJ must make express credibility determinations and set forth the inconsistencies in the record that lead the ALJ to reject the claimant's complaints of pain." *Brock v. Secretary of Health and Human Services*, 791 F.2d 112, 114 (8th Cir.1986) (citing *Herbert v. Heckler*, 783 F.2d 128, 130 (8th Cir.1986); *Smith v. Heckler*, 735 F.2d 312, 317 (8th Cir.1984)). Additionally, "[i]t is not enough that such inconsistencies may be found in the evidence presented to the Secretary. The Secretary must demonstrate that she *evaluated* all the evidence." *Herbert*, 783 F.2d at 130 (emphasis supplied in original) (citing *Holland v. Heckler*, 768 F.2d 277 (8th Cir. 1985); *Polaski*, 751 F.2d at 950; *Smith v. Heckler*, 760 F.2d 184, 186 (8th Cir.1985)).

Although the ALJ noted that Mrs. Douthit's testimony was not "incompatible" with the ability to perform her past work, the ALJ did not discuss her testimony in light of the five *Polaski* factors, nor did he expressly set forth an analysis of how her complaints of pain were inconsistent with the medical evidence, as required

**510**

by *Herbert*, 783 F.2d at 130–31, and *Brock*, 791 F.2d at 114. Accordingly, the order of the district court is reversed and remanded with instructions to remand this case to the Secretary for further proceedings consistent with this opinion.