Ernest C. **STEELE**, Appellant,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health and Human Services, Appellee.

No. 89–2634EA.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1990.

Decided Aug. 10, 1990.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Darlynda K. Bogle, Baltimore, Md., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and RE,* Chief Judge.

RE, Chief Judge.

Plaintiff-appellant, Ernest C. Steele, appeals from an order of the United States District Court for the Eastern District of Arkansas, denying Steele's appeal of a decision of the Secretary of Health and Human Services, that had denied Steele disability benefits under the Social Security Act.

On appeal, Steele contends that the decision of the Secretary was not supported by substantial evidence. Since we find that, on the record before this court, the decision

* The HONORABLE EDWARD D. RE, Chief Judge of the United States Court of International Trade, sitting by designation.

of the Secretary was supported by substantial evidence, we affirm.

## BACKGROUND

In August, 1984, Ernest C. Steele applied for disability insurance benefits under the Social Security Act. Steele alleged that since August 23, 1965, he had been disabled due to psoriasis, arthritis, and bronchitis. Steele's claim was denied, and, subsequently, a hearing was held before an Administrative Law Judge (ALJ). On April 11, 1985, the ALJ issued a decision denying Steele disability insurance benefits. The Appeals Council of the Department of Health and Human Services denied review of the ALJ's decision.

Steele then sought review of the Secretary's decision in the United States District Court for the Eastern District of Arkansas. On February 28, 1986, the court remanded the case to the Secretary "for specific findings on the issue of pain for the relevant time period in accordance with *Herbert v. Heckler,* [783 F.2d 128 (8th Cir.1986)]."

On remand, a supplemental hearing was held before the ALJ. On October 31, 1986, the ALJ issued a recommended decision stating that Steele should be entitled to disability insurance benefits dating from August 23, 1965. Nevertheless, on May 9, 1987, the Appeals Council concluded that Steele was not entitled to disability insurance benefits. Hence, the Secretary denied Steele benefits.

Steele sought review of the Secretary's decision in the district court. On September 11, 1989, the district court entered an order granting the Secretary's motion for summary judgment, and affirming the Secretary's decision denying Steele disability benefits.

Steele now contends that the district court erred in affirming the decision of the Secretary, since the decision was not supported by substantial evidence.

## DISCUSSION

A decision of the Secretary is conclusive if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (1982). Under the substantial evidence standard of review, "there is a zone of choice within which the [Secretary] can go either way, without interference by the courts." *See Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984). Hence, "[a]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.*

Steele contends that "[t]he Appeals Council * * * substituted its own credibility findings in the place of the ALJ's findings." Steele also contends that "[t]he Appeals Council's credibility determination * * * was based only on the record and not upon a personal assessment of the claimant's demeanor while testifying."

It is clear, however, that the decision of the Appeals Council is supported by substantial evidence. In a nine page opinion, the Council fully considered Steele's medical history, and also carefully reviewed Steele's testimony of his medical condition. The Council considered the evidence in light of the factors set forth in the *Herbert* decision, and "noted inconsistencies in objective medical evidence as it related to the claimant's complaints of severe pain." From its review of the evidence, the Council concluded that Steele's condition "did not significantly affect his residual functional capacity for sedentary work * * *."

## CONCLUSION

Since we find that the Secretary's determination that Steele is not entitled to disability insurance benefits is supported by substantial evidence, we affirm the decision of the district court denying Steele benefits.