989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Larry D. FOGARD, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 92-2830.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 15, 1993.
Filed: March 5, 1993.
 
 1
 Before LOKEN, HANSEN, Circuit Judges, and VAN SICKLE, Senior District Judge*
 
 
 2
 VAN SICKLE, Senior District Judge.
 
 
 3
 Fogard appeals from the decision of the district court[1] which affirmed the decision of the Secretary denying him benefits.
 
 
 4
 Fogard claims that he is disabled due to a personality disorder combined with alcoholism. The personality disorder causes him to get tense when he deals with authority figures, which in turn causes him to drink to excess. Thus, he cannot work without drinking to excess, and cannot work while drunk. Also, he claims that an injury to his hand adds to his disability.
 
 
 5
 The Administrative Law Judge (ALJ) found that:
 
 
 6
 [T]he severity of these impairments, as demonstrated by clinical findings and laboratory tests results, does not meet or equal the level of severity set forth in the required findings under sections 1.09, 12.08, and 12.09 of the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4, either singly or in combination.
 
 
 7
 Fogard v. Secretary, A.L.J. decision, December 14, 1990, @ 2. The Appeals Council denied Fogard's request for review, and the decision by the ALJ stands as the final action of the Secretary.
 
 
 8
 Fogard appealed the Secretary's decision to the district court. That court found that "[t]he Secretary's decision is supported by substantial evidence on the record as a whole and is not affected by error of law." Fogard then appealed to this court, urging that the decision is not supported by substantial evidence and that the ALJ did commit errors of law.
 
 STANDARD OF REVIEW
 
 9
 On review of the district court's action, this court must "apply the same test that the district court should have utilized initially." Sacred Heart Medical Ctr. v. Sullivan, 958 F.2d 537, 543 (3d Cir. 1992). The decision of the Secretary is conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982). Under this standard there is a zone of choice within which the Secretary can go either way without interference by the courts. Hence, "an administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Steele v. Sullivan, 911 F.2d 115, 116 (8th Cir. 1990) (citations omitted).
 
 DISCUSSION
 
 10
 A. The Hand Injury.
 
 
 11
 Fogard's hand was injured by a blast from a shotgun over thirty-five years ago. For much of that time, he functioned normally and was employed. The ALJ found that Fogard's testimony as to being disabled due to this old injury was not credible in light of his inconsistent testimony on this subject, the medical evidence and his work history. This finding is supported by substantial evidence and is affirmed.
 
 
 12
 B. Personality Disorder/Alcoholism.
 
 
 13
 Fogard testified that he had been sober for seventeen months at the time of the hearing. In this circuit, alcoholism can be disabling, but to be so "the claimant must show: (1) that he has lost self-control to the point of being 'impotent to seek and use the means of rehabilitation,' and (2) that his disability is encompassed by the Act." Metcalf v. Heckler, 800 F.2d 793, 796 (8th Cir. 1986) (quoting Adams v. Weinberger, 548 F.2d 239, 245 (8th Cir. 1977)). By his own testimony claimant here has shown that he has not lost control.
 
 
 14
 In addition, a physician who treated Fogard less than six months before the application was made said that claimant "is competent and employable." (Appendix 287) "[A] treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." Ghant v. Bowen, 930 F. 2d 633, 639 (8th Cir. 1991). Thus, there is more substantial evidence that Fogard is not disabled.
 
 
 15
 C. Legal Error.
 
 
 16
 Fogard also claims that the Secretary's decision is based on legal error because it is based on answers to flawed and incomplete hypothetical questions. An ALJ "must set forth all of the claimant's disabilities when posing a hypothetical question to [an] expert," but "the hypothetical is sufficient if it sets forth these impairments which are accepted as true by the ALJ." Sobania v. Secretary, 879 F.2d 441, 445 (8th Cir. 1989); Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir. 1985). We have carefully examined the appellant's claims and find no error in the rulings of the district court.
 
 
 17
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior District Judge, District of North Dakota, sitting by designation
 
 
 [1]
 The HONORABLE HAROLD D. VIETOR, District Judge, United States District Court for the Southern District of Iowa