**Barbara BRUNSTON, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civil No. 94–0695–CV–W–4.**

United States District Court, W.D. Missouri, Western Division.

Sept. 18, 1996.

Larry O. Denny, Kansas City, MO, for plaintiff.

Jerry L. Short, Vernon A. Poschel, I, U.S. Attorney's Office, Kansas City, MO, for defendant.

### *ORDER*

FENNER, District Judge.

Plaintiff, Barbara Brunston, seeks judicial review of the decision of defendant, Donna E. Shalala, Secretary of Health and Human Services (the Secretary), denying plaintiff's ap-

plication for disability benefits under Title II of the Social Security Act, 42 U.S.C., §§ 401, et seq., and her application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C., §§ 1381, et seq. Plaintiff's applications were denied initially and on reconsideration. Thereafter, a hearing was held before an administrative law judge (ALJ), and plaintiff's applications were again denied. The Appeals Council of the Social Security Administration also denied review. Thus, the ALJ's decision stands as the final decision of the Secretary.

■■■ Judicial review of the Secretary's final decision under 42 U.S.C., § 405(g), is limited to whether there is substantial evidence in the record as a whole to support the decision of the Secretary, and not to reweigh the evidence or try the issues *de novo*. *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989); *Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir.1988). When supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person might accept as adequate to support a decision. *Id., Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir.1992).

■■■ The Secretary's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Secretary must use in assessing disability claims. 20 C.F.R., §§ 404.1520, 416.920. A claimant has the burden of proving disability by establishing a physical or mental impairment which will persist for at least twelve consecutive months and prevents the claimant from engaging in substantial gainful activity. *Wiseman v. Sullivan*, 905 F.2d 1153, 1155 (8th Cir.1990). *See also* 42 U.S.C., § 1382c(a)(3)(A). If a claimant establishes that she is unable to perform her past relevant work because of a medically determinable impairment, the burden of proof shifts to the Secretary to show that the claimant can perform other work existing in significant numbers in the national economy. *Id.;*

*McMillian v. Schweiker*, 697 F.2d 215, 220–21 (8th Cir.1983).

Plaintiff applied for disability benefits on August 17, 1992, alleging disability since July 1, 1992, due to back, hip, and leg pain. Plaintiff's history of complaints began in July of 1992 when she went to Research Medical Center with complaints of pain in her left hip radiating down her left leg. Plaintiff was given Motrin and instructed to apply warm, moist packs as needed. Lumbar spine x-rays taken on July 1, 1992, indicated that the disc spaces were well maintained and there was no evidence of bone destruction or fracture. The diagnostic impression was degenerative change in the lower lumbar spine and sacroiliac joints. X-rays of plaintiff's pelvis and left hip indicated normal findings. On July 6, 1992, plaintiff saw James Carter, M.D., who said that plaintiff had L5 disc disease with radiculopathy. Dr. Carter recommended exercises for plaintiff's lower back pain and warm, moist packs for her lower back and left hip pain.

August 10, 1992 medical notes reported negative straight leg raising and intact spinal levels upon muscle testing. Plaintiff was diagnosed with trochanteric bursitis, and stretching exercises were recommended. Amanda Jackson, M.D., saw plaintiff on September 11, 1992, for a disability evaluation. Musculoskeletal examination revealed normal muscle mass and tone without evidence of cyanosis, clubbing, edema, tremor, or atrophy. Plaintiff's joints were without evidence of crepitance, warmth, erythema, effusion, tenderness, or deformity. Range of motion in the joints was normal. There was moderate tenderness to palpation of the lumbar spine; but, the lumbar paraspinal muscles were without spasm. While there were some spinal range of motion limitations, there were no abnormal reflexes, and light touch, proprioception, pinprick, and vibration sense were intact. Dr. Jackson's impression was low back and hip pain, secondary to osteoarthritis; and chronic lumbar strain.

At a physical therapy consultation on November 23, 1992, plaintiff reported that her pain had improved since its onset. Plaintiff indicated that although her hip pain was constant, her back pain was intermittent.

The therapist stated that plaintiff had good rehabilitation potential. The therapist also stated that plaintiff could tolerate a sitting job. On December 14, 1992, a physical examination of plaintiff's back revealed only minimal tenderness over the lumbar spine. Medical reports dated December 21, 1992, indicated mild denervation changes in the left lower lumbar paraspinal area consistent with left lower lumbar or upper sacral radiculopathy.

On February 1, 1993, doctors recommended an MRI and instructed plaintiff to continue physical therapy. On March 1, 1993, it was noted that plaintiff refused to have an MRI, even with sedation. Vascular reports dated March 12, 1993, indicated possible compatibility with a diagnosis of mild claudication. A myelogram on March 23, 1993, showed mild degenerative changes in the lumbar paraspinal area consistent with upper sacral radiculopathy. There was negative straight leg raising and the impression was lower back pain with radiculopathy at L5 on the right. It was reported that plaintiff's symptoms were helped by physical therapy. On March 29, 1993, a medical report noted that plaintiff again stated "she has not and will not tolerate [an] MRI." Plaintiff was to continue physical therapy and schedule a myelogram.

May 3, 1993 medical notes reported that plaintiff continued to refuse an MRI even with sedation. Plaintiff was instructed to continue with physical therapy. May 24, 1993 CT scan results revealed a small disc herniation at L3–4 and large disc herniation at L4–5.

June 14, 1993 medical notes indicated that plaintiff was a candidate for a laminectomy. Plaintiff received a neurosurgery evaluation on July 29, 1993. She refused to have an MRI again because she claimed she was claustrophobic. When questioned about her interest in surgery, plaintiff was not willing to proceed. A "Mackenzie Back Program" was recommended. Plaintiff was instructed to schedule a follow-up when she was willing to have further treatment. On August 2, 1993, it was reported again that plaintiff was still unwilling to have surgery. She was to continue with physical therapy and Advil.

The ALJ determined that plaintiff had been diagnosed with greater trochanteric bursitis, left lower lumbar or upper sacral radiculopathy, mild claudication, and herniated discs at L3–4 and L4–5. The ALJ determined that plaintiff did not have an impairment or combination of impairments that either met or equaled those listed in 20 C.F.R., Part 404, Subpt. P, App. 1, the Listing of Impairments. The ALJ then determined that even without surgery, plaintiff was not precluded from the performance of her past relevant work as a receptionist, which was sedentary in nature. Therefore, she was not disabled within the meaning of the Social Security Act.

As stated previously, plaintiff refused to have an MRI, claiming that she was claustrophobic. An MRI with sedation was suggested on several occasions, but plaintiff still refused treatment. June 14, 1992 medical reports indicated that plaintiff was a candidate for a laminectomy; however, plaintiff refused to have surgery. On August 2, 1993, plaintiff stated again that she was unwilling to have surgery. Plaintiff's refusal to have surgery which could control or improve her condition is a factor which is inconsistent with her complaints of disabling pain. *See Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir.1989). Furthermore, allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *Cruse v. Bowen*, 867 F.2d 1183, 1187 (8th Cir.1989). Plaintiff testified that she took Advil, an over-the-counter medication; evidencing that plaintiff's pain was not of disabling severity.

While pain and limitation of motion have been documented in the record, no physician or therapist has rendered plaintiff disabled and unable to work. In fact, a November 23, 1992 medical report indicated that plaintiff could tolerate a sitting job. Additionally, according to a physical therapist who evaluated plaintiff on November 23, 1992, plaintiff's pain had improved since its onset. The therapist also was of the opinion that plaintiff had good rehabilitative potential. On March 23, 1993, it was reported that plaintiff's symptoms were better with physical therapy. While vascular difficulties were noted, there

was no medical evidence documenting plaintiff's alleged need to elevate her leg. Plaintiff also testified that she spent part of the day lying down; however, no physician stated that such a need existed. If plaintiff was not lying down out of medical necessity, then that indicates that she was lying down by choice. *See Schroder v. Sullivan*, 796 F.Supp. 1265, 1270 (W.D.Mo.1992). Plaintiff's allegations of disabling pain are inconsistent with the record as a whole.

■ Taking into account plaintiff's abilities and limitations, the ALJ found that plaintiff could perform her past relevant work as a receptionist. When a claimant can perform her past relevant work either as she performed it or as it is performed in the national economy, she is not disabled. *See Orrick v. Sullivan*, 966 F.2d 368 (8th Cir.1992); *Martin v. Sullivan*, 901 F.2d 650, 652–53 (8th Cir.1990).

■ Substantial evidence on the record as a whole supports the Secretary's decision. Accordingly, it is ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED.