Dennis K. MATNEY, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 97–3629–CV–S–4–SSA.

United States District Court, W.D. Missouri, Southern Division.

Oct. 23, 1998.

898

Bruce K. Kirby, Schmidt, Kirby & Sullivan, P.C., Springfield, MO, for plaintiff.

Jerry L. Short, U.S. Attorney's Office, Kansas City, MO, for defendant.

## ORDER

FENNER, District Judge.

Plaintiff Dennis K. Matney seeks judicial review of the decision of defendant, Kenneth S. Apfel, Commissioner of Social Security (the Commissioner), denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff's application was denied initially and on reconsideration-affirmation following a remand order from an administrative law judge (ALJ) to the state agency for additional consideration. Thereafter, a hearing was held before an ALJ on February 4, 1997, and plaintiff's application was again denied. The Appeals Council of the Social Security Administration then denied plaintiff's request for review on October 27, 1997. Thus, the decision of the ALJ on February 4, 1997, stands as the final decision of the Commissioner.

 To establish entitlement to benefits, a claimant must show that he was unable to engage in any substantial gainful activity by reason of a medically determinable impairment which could be expected to result in death or which had lasted or could be expected to last for a continuous period of 12 months. 42 U.S.C. § 423(d)(1)(A). Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the decision of the Commissioner. *Comstock v. Chater,* 91 F.3d 1143, 1145 (8th Cir.1996). The court's role is not to reweigh the evidence or try the issues *de novo. Naber v. Shalala,* 22 F.3d 186, 188 (8th Cir.1994). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable person might accept as adequate to support a decision. *Id.* "[Q]uestions of fact, including the credibility of a claim-

ant's subjective testimony, are primarily for the [Commissioner] to decide, not the courts." *Benskin v. Bowen,* 830 F.2d 878, 882 (8th Cir.1987).

 "[T]o engage in fact-finding in a social security case is not within the province of a federal court." *Id.* at 883. As the Eighth Circuit Court of Appeals stated in *Steele v. Sullivan,* 911 F.2d 115, 116 (8th Cir.1990):

> Under the substantial evidence standard of review, "there is a zone of choice within which the [Commissioner] can go either way, without interference by the courts." *See Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984). Hence, "[a]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."

*See also Robinson v. Sullivan,* 956 F.2d 836 (8th Cir.1992). Reversal is not appropriate even if the court, sitting as finder of fact, would have reached a contrary result. *Jernigan v. Sullivan,* 948 F.2d 1070, 1073 (8th Cir.1991).

The ALJ determined that plaintiff had severe impairments, but did not have an impairment, or combination of impairments, that either met or equaled any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. The ALJ determined that plaintiff had no exertional limitations, but that his alcohol abuse imposed a significant limitation of function in that he is unable to regularly attend the workplace and is unable to maintain physical conditioning necessary for work activity. The ALJ also determined that plaintiff had the RFC to perform his past relevant work as a pipefitter, welder, and auto mechanic. The ALJ found that if the effects of alcohol abuse were considered, plaintiff could not perform any jobs that existed in significant numbers in the national economy. Finally, the ALJ found that alcohol and drug abuse were a contributing factor that was material to the determination of disability in the

present case. Therefore, the ALJ found, pursuant to § 223(d)(2) of the Social Security Act, as amended by Public Law 104–121, that plaintiff cannot be found disabled and is thus not entitled to disability insurance benefits.

Plaintiff, a younger individual under the regulations, applied for disability benefits on November 15, 1994, alleging disability based on back and leg pain. In the administrative hearing, plaintiff also alleged breathing problems, problems writing, problems with concentration, depression, anxiety, and hand arthritis. The ALJ reviewed the record and found that these and other conditions would not preclude plaintiff from working.

■■■ Plaintiff argues that the ALJ improperly considered plaintiff's alleged mental impairment under 20 C.F.R. § 404.1535(b)(2) in that he did not consider what mental limitations would remain if plaintiff stopped drinking. Plaintiff's argument fails. The record reflects the ALJ explicitly considered the effects of plaintiff's drinking and the effects of his not drinking. The ALJ determined that plaintiff would not have been disabled if he had stopped using drugs and alcohol. An ALJ, in making a determination that drug and alcohol addiction is a material factor contributing to plaintiff's disability, must evaluate which of plaintiff's current limitations would remain if plaintiff stopped using drugs and alcohol, and then determine whether the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535. In doing so, an ALJ must determine what plaintiff's RFC is in the absence of drug and alcohol addiction and also whether he can perform his past relevant work or other work which exists in substantial numbers in the national economy. *Id.* The ALJ did so here when he found that if plaintiff quit drinking he would have the necessary RFC to perform his past relevant work.

■■■ Plaintiff alleged disability due to back pain. While Dr. Hufft noted significant loss of disc space at L5–S1, he also noted that plaintiff should lose weight to help his back. In December 1994, eight months after plaintiff eased working due to back pain, Dr. Ash noted normal range of motion in plaintiff's thoracic and lumbar spine, even though Dr. Ash diagnosed plaintiff with probable degenerative disc disease. Plaintiff was consistently negative for pain with straight leg raises. It is also highly significant that Dr. Woods, plaintiff's treating physician, stated without equivocation that plaintiff's subjective complaints of back pain were not credible. Further, Dr. Woods stated that a change in lifestyle habits would allow plaintiff to perform *any* job. (Emphasis in original.) Similarly, Dr. Harmon found that plaintiff's back suffered from "no irritation at all" after a CT scan showed that plaintiff had a contained bulge at L–5 without impingement or other localized neurologic signs. *See e.g., Brown v. Chater,* 87 F.3d 963, 965 (8th Cir.1996) (medical evidence revealing only minor impairments was sufficient basis for ALJ to discount claimant's complaint of disabling pain); *see also Loving v. Department of Health and Human Services,* 16 F.3d 967, 970 (8th Cir.1994).

■■■ Other than chiropractic treatments that ceased, the record does not indicate any therapy or treatment suggested by physicians or any treatment methods practiced by plaintiff regarding his alleged back pain other than occasionally prescribed medication.[1] Allegations of a disabling impairment by a claimant may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *Barrett v. Shalala,* 38

---

**1.** While plaintiff's chiropractor, Dr. Payne, opined that plaintiff was permanently disabled from his job as a pipefitter, chiropractors are not an "acceptable source" of medical evidence under agency regulations. 20 C.F.R. § 404.1513(e)(3) (1998). *See also* *Craig v. Chater,* 943 F.Supp. 1184 (W.D.Mo. 1996) (chiropractic opinions are not acceptable sources of medical information to prove social security disabilities and may be used only to show how impairment affects claimant's ability to work).

F.3d 1019, 1023 (8th Cir.1994); *Loving v. Department of Health and Human Services,* 16 F.3d at 970. Further, while plaintiff was sometimes prescribed pain medication for his back pain, he went long periods without any prescription medication. Complaints of disabling pain are inconsistent with a failure to take prescription pain medication. *Ostronski v. Chater,* 94 F.3d 413, 419 (8th Cir.1996); *Haynes v. Shalala,* 26 F.3d 812, 814 (8th Cir.1994).

■ The record also shows that weight reduction would reduce plaintiff's medical problems. Dr. Woods, a treating physician, Dr. Harmon, and Dr. Godard all noted that plaintiff was obese and recommended to plaintiff that he stop drinking and start exercising in an attempt to lose weight. Dr. Hufft stated that the best long-term care available for plaintiff's back problems was for him to lose weight. The Eighth Circuit has held that obesity is a remediable impairment under certain circumstances. *Weber v. Harris,* 640 F.2d 176, 178 (8th Cir.1981). When there is medical evidence that suggests that weight reduction would be valuable in treating a claimant, failure to lose weight militates against a finding of disability. *See Holguin v. Harris,* 480 F.Supp. 1171, 1179 (N.D.Cal.1979); *Wilson v. Califano,* 453 F.Supp. 79, 81 (N.D.Tex.1978).

■ Although plaintiff claims to spend his day mostly lying on his back, no physician stated reclining was a medical necessity. In fact, Dr. Woods, a treating physician, stated that plaintiff did not need to rest during the day, but rather needed to exercise. If plaintiff was not reclining out of medical necessity, that indicates that he was reclining by choice. *Brunston v. Shalala,* 945 F.Supp. 198, 202 (W.D.Mo.1996) (the fact that no physician stated that plaintiff needed to lie down during the day indicated that plaintiff was lying down due to choice rather than medical necessity); *see Schroder v. Sullivan,* 796 F.Supp. 1265, 1270 (W.D.Mo.1992) (lack of documentation regarding plaintiff's need to nap led the court to find that plaintiff chose to nap when he could remain awake).

■ Plaintiff states that arthritic hands and legs disable him. However, he did not seek any medical treatment between 1994 and two weeks before his administrative hearing for such claims of arthritis. Plaintiff's medical treatment regarding his hands has been non-existent other than a negative x-ray in February 1994 after a work-related injury. In his administrative hearing, plaintiff stated that the injury did not cause his alleged arthritis. Dr. Ash found that plaintiff had full range of motion in his hands, fingers, wrists, and legs, including his legs and ankles. The ALJ properly found such dexterity and infrequent care inconsistent with plaintiff's complaints of disabling arthritic hand and leg pain. The Eighth Circuit has held that allegations of disabling pain may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir.1994); *Robinson v. Sullivan,* 956 F.2d 836, 840 (8th Cir.1992). Further, plaintiff's failure to complaint to physicians of the alleged arthritis, other than just before his hearing, discredits his testimony regarding arthritis. *McClees v. Shalala,* 2 F.3d 301, 303 (8th Cir.1993).

■ With respect to plaintiff's claim of disability due to breathing problems, allergies, and sinus problems, the record shows that plaintiff has had such problems since at least 1987. Plaintiff worked with his allegedly disabling condition for at least seven years and did not demonstrate any deterioration in his condition between 1989 and his application for disability benefits. Where a claimant has worked with an impairment over a period of years, it cannot be considered disabling absent a showing that there has been a significant deterioration in that impairment. *Russell v. Chater,* 91 F.3d 63, 64 (8th Cir.1996); *Orrick v. Sullivan,* 966 F.2d 368, 370 (8th Cir.1992). Further, it should be noted

that plaintiff stated that his allergies were not disabling.

Plaintiff also alleged that he was disabled by an inability to concentrate, depression and anxiety. The evidence of record shows plaintiff's mental impairments are of a mild nature and are easily controlled with prescribed medication. Both Dr. Halfaker and Dr. Parks, a treating psychiatrist, assigned GAF scores that indicated only a mild mental impairment. Significantly, Dr. Parks' GAF score for plaintiff was assigned at the beginning of his treatment of plaintiff-before any therapy or prescription medication. Further, Dr. Parks' records also show that plaintiff's depression, anxiety, and poor concentration were significantly improved after plaintiff began taking Elavil as prescribed by Dr. Parks. When taking Elavil, plaintiff stated he experienced no side effects and was sleeping better, had more energy, and a better outlook. Dr. Parks described plaintiff as cheerful and as having a bright affect when on Elavil. Given the testimony of plaintiff and the observations of Dr. Parks, the ALJ correctly found that plaintiff's mental impairments were not disabling given their mild nature and the fact that they were easily controlled with medication. If an impairment can be controlled by treatment of medication, it cannot be considered disabling. *Wilson v. Chater,* 76 F.3d 238, 241 (8th Cir.1996); *Clark v. Chater,* 75 F.3d 414, 417 (8th Cir.1996).

Plaintiff argues that the ALJ failed to properly consider the opinions of Dr. Parks, plaintiff's treating psychiatrist, in that Dr. Parks found plaintiff moderately limited in his ability to concentrate for extended periods, his ability to perform activities with a schedule and maintain regular attendance, his ability to sustain an ordinary routine without supervision, and his ability to complete a normal weekday and workweek without interruptions from psychological symptoms. Dr. Parks also stated that plaintiff was moderately limited in his ability to appropriately interact with the general public and to accept instruction and respond appropriately to criticism from supervisors. In 13 other psychological areas related to plaintiff's ability to perform work-related activities, Dr. Parks found no significant limitations. Generally, an ALJ must give controlling weight to the findings or opinions of a treating psychiatrist. However, a treating psychiatrist's findings are properly discredited when they are inconsistent with his other records or conclusions. *Marciniak v. Shalala,* 49 F.3d 1350 (8th Cir.1995). In the present case, Dr. Park's findings are inconsistent with his assignment of a GAF score that indicates only mild functional impairments and contradicts his findings regarding plaintiff's successful treatment with Elavil. The ALJ properly discredited the findings of Dr. Parks that suggest plaintiff suffers from a severe mental impairment.

Plaintiff argues that his problems with written language are so severe that they add to his inability to work. While evidence indicates that plaintiff does have a learning disability regarding written language, the evidence also clearly shows that his IQ scores indicate average intelligence. There is no evidence that plaintiff's IQ has changes since he worked as a pipefitter or that his learning disability is caused by his drinking. Where a claimant has worked with an impairment over a period of years, it cannot be considered disabling absent a showing that there has been a significant deterioration in that impairment. *Russell v. Chater,* 91 F.3d at 64; *Orrick v. Sullivan,* 966 F.2d at 370. In the present case, there has been no showing that plaintiff's reading ability deteriorated from what it was when he worked as a pipefitter or in his other employments. The ALJ properly found that plaintiff's learning disability did not impair his ability to perform substantial gainful activity.

The ALJ properly considered all of the evidence of record including the general lack of objective medical findings, the longstanding nature of plaintiff's condi-

tion, his general lack of prescription pain relief, his minimal treatment regimen, and his lack of motivation to remedy his back problem by losing weight as suggested by four physicians to find plaintiff not credible. It is clear that the ALJ's decision comports with the appropriate standards for evaluating complaints of pain. *See* 20 C.F.R. § 404.1529 and *Polaski v. Heckler*, 739 F.2d 1320 (order), *supplemented*, 751 F.2d 943 (8th Cir.1984). Because the ALJ articulated the inconsistencies on which he relied in discrediting plaintiff's testimony regarding his subjective complaints, and because the ALJ's credibility finding is supported by substantial evidence on the record as a whole, his decision should be affirmed. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir.1996).

The ALJ's determination of plaintiff's RFC based on the record at the time of the hearing is supported by substantial evidence on the record as a whole. The ALJ determined that plaintiff's past work as a pipefitter did not exceed his RFC. Plaintiff argues that the ALJ's finding that he has the RFC to perform his past relevant work was error and not supported by substantial evidence.

 Contrary to plaintiff's argument that the ALJ erred in determining that plaintiff could perform his past work, the ALJ's determination that plaintiff is capable of returning to work as a pipefitter, auto mechanic, and welder is supported by substantial evidence. Although plaintiff argues the ALJ erred by not soliciting a vocational expert, vocational expert testimony is not required when the plaintiff can do his past relevant work, regardless of the existence of non-exertional impairments. *See Gaddis v. Chater*, 76 F.3d 893, 895 (8th Cir.1996); *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir.1994); *Wingert v. Bowen*, 894 F.2d 296, 298 (8th Cir.1990). Plaintiff must first meet his initial burden of proof by showing the existence of a disability precluding the performance of his past relevant work before the testimony of a vocational expert is re-

quired. *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir.1994); *Groeper v. Sullivan*, 932 F.2d 1234, 1235 (8th Cir.1991). The ALJ's assessment of plaintiff's RFC is supported by Dr. Woods, plaintiff's treating physician, who stated that plaintiff could perform any job if he quit drinking and made other changes. Because the ALJ found that plaintiff could perform his past relevant work, his decision not to call a vocational expert was supported by substantial evidence.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is AFFIRMED.